**BEFORE THE UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, and PRODUCTS LIABILITY LITIGATION** | **MDL DOCKET NO. 3060** |

### INTERESTED PARTY RESPONSE AND MEMORANDUM OF PLAINTIFF TIMIKA SMITH IN IN SUPPORT OF CENTRALIZE RELATED CASES PURSUANT TO 28 U.S.C. § 1407

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Interested Party Plaintiff, Timika Smith, respectfully submits this Interested Party Petition to Transfer Related Cases for Consolidated Pretrial Proceedings. Plaintiff agrees that transfer is useful, necessary, and supported by numerous common questions of fact and law in the Hair Relaxer Marketing, Sales Practices, and Products Liability related actions. Plaintiff believes all pending actions should be transferred to and consolidated in the United States District Court for the Northern District of Illinois. For the reasons stated herein, Plaintiff respectfully requests an Order transferring the Hair Relaxer Marketing, Sales Practices, and Products Liability actions to the Northern District of Illinois for coordinated and pretrial proceedings.

### I.        INTRODUCTION.

The undersigned Counsel represents Plaintiff in the case of *Timika Smith v. L'Oreal USA, Inc. et al.*, Civil Action No. 1:22-cv-06047, filed November 8, 2022, in the Northern District of Illinois. In Plaintiff's case, she seeks damages for injuries sustained to herself through use of defendant's cosmetic products. The cosmetic products were designed, manufactured, labeled, marketed, and sold by Defendant L'Oreal. Specifically, Plaintiff developed uterine cancer and endometriosis, which is an abnormal tissue growth of tissue that lines the uterus growing outside

the uterus. This disease is characterized by painful urination and bowel movements, chronic pelvic pain, painful periods, pain during and/or after sexual intercourse, and depression or anxiety. Endometriosis can also cause infertility.

Plaintiff's action is currently pending in the Northern District of Illinois, where there are four Hair Relaxer Marketing, Sales Practices, and Products Liability actions pending. Further, there are approximately four other Hair Relaxer Marketing, Sales Practices, and Products Liability actions filed across several districts with many more cases expected to be filed. These actions involve common questions of fact and law, and should therefore be transferred to one district for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Coordinated and consolidated pretrial proceedings would be for the convenience of the parties and witnesses, and it would promote just and efficient conduct of such actions.

## II.     TRANSFER, COORDINATION, AND CONSOLIDATION OF ALL ACTIONS IS APPROPRIATE UNDER 28 U.S.C. § 1407.

Plaintiff agrees that transfer, coordination and consolidation of these cases is appropriate as many common questions of fact and law exist. The actions involve much of the same core discovery, fact witnesses, and general liability and causation experts. Each action also arises from Defendants' negligence and strict liability with respect to the defective design and inadequate labeling of their hair relaxer and straightener products. The cases will involve common questions of fact and law, including similar factual allegations, the same injury (of uterine cancer and/or endometriosis), the same factual allegations regarding general causation, and similar theories of liability surrounding defective design, adequacy of warnings, adequacy of testing and post-marketing surveillance, among other commonalities.

Plaintiff agrees that transfer for pretrial purposes would serve "the convenience of the parties and witnesses" and "promote the just and efficient conduct of the actions" as required by 28 U.S.C. § 1407. Because of the common issues of fact and the number of current claims already

filed in the Norther District of Illinois and anticipated claims, these cases are well suited for transfer and pretrial consolidation. Consolidation will foster the just and efficient conduct of these actions by preventing duplicative discovery and preventing inconsistent resolution of pretrial issues.

Due to the number of cases expected to be filed in various federal courts across the United States, the number of cases that have already been filed, and the number of and rate of expected filings, Plaintiff agrees that the pretrial proceedings should be coordinated and consolidated for just and efficient adjudication of these actions. First, without centralization of pretrial proceedings, there will be duplication of discovery, witnesses, and theories of liability. Centralization allows expert depositions to be taken once, documents to be produced once, and minimizes travel for all parties involved, including Defendants, as they will only have to appear in one district court. The Panel has routinely recognized that consolidating mass tort product liability litigations in one court benefits both plaintiffs and defendants. Specifically, consolidation strikes a balance between allowing the defendant to conduct discovery only once and entitling the plaintiff to coordinate their efforts and share their work with other plaintiffs' counsel. *See In re Baldwin-United Corp. Lit.*, 581 F. Supp. 739 (M.D.L. 1984). "And it is most logical to assume that prudent counsel will combine their forces and apportion the workload in order to streamline the efforts of the parties and witnesses, their counsel and the judiciary, thereby effectuating an overall savings of cost and a minimum of inconvenience to all concerned." *Id*. at 741 (citing *In re Nissan Motor Corporation Antitrust Lit.*, 385 F. Supp. 1253, 1255 (M.D.L. 1974)). Consolidation of these actions will save both sides and the court countless resources by streamlining the litigation in one forum. A centralized litigation promotes the conservations of judicial resources, as well as the parties' resources because there will be little to no duplication of pretrial discovery.

Without centralization, there is a risk of inconsistent adjudications that will result in conflicting decisions. If separate courts are concurrently reviewing separate motions related to the same procedural documents in this litigation, this presents a serious and real risk of inconsistent rulings. The Panel often routinely centralizes cases in order to avoid conflicting decisions and inconsistent rulings. *See generally In re Brown Co. Sec. Lit.*, 325 F. Supp. 307, 308 (J.P.M.L. 197) (noting that transfers are practically compelled so as to avoid overlapping or inconsistent class action rulings.); *In re Career Acad. Antitrust Lit.*, 57 F.R.D. 569, 571 (E.D. Wis. 1972); *In re Pharmacy Benefit Managers Antitrust Lit.*, 425 F. Supp. 2d 1352, 1353 (J.P.M.L. 2006) (noting that centralization is desirable to avoid duplicative discovery and to prevent inconsistent or repetitive pretrial rulings).

Transfer, coordination and consolidation of the Preterm Infant Nutrition actions to one district court is appropriate under 28 U.S.C. § 1407. Transfer will ensure the convenience of the parties and witnesses, and it will promote the just and efficient conduct of the actions.

## III.    THE NORTHERN DISTRICT OF ILLINOIS IS THE MOST SUITABLE VENUE.

Coordinated and consolidated proceedings in the Northern District of Illinois would provide the best venue for these matters. As of the date of filing, the Northern District of Illinois holds the largest number of Hair Relaxer Marketing, Sales Practices, and Products Liability cases. There are four Hair Relaxer Marketing, Sales Practices, and Products Liability cases currently pending in the Northern District of Illinois, which represents the half of the already filed Hair Relaxer Marketing, Sales Practices, and Products Liability related actions in one District. In short, because the District of Illinois is the current nexus of litigation, is the most appropriate place for coordinated and consolidated proceedings.

The factors considered by this Panel in determining the appropriate forum include: (1) the location of parties, witnesses and documents; (2) the accessibility of the proposed transferee

4

district to parties and witnesses; and (3) the respective caseloads of the proposed transferee district courts. *See In re Corn Derivatives Antitrust Lit*., 486 F. Supp 929, 93 1-32 (J.P.M.L. 1980); *see also* THE MANUAL FOR COMPLEX LITIGATION (FOURTH), § 20.131, pp. 220-221. Analysis of each of these factors further supports transfer of these actions to the Northern District of Illinois for consolidated pre-trial proceedings. All of these factors weigh in favor of the Northern District of Illinois.

      A.    <u>The Northern District of Illinois is Convenient for the Parties and Witnesses.</u>

It would be convenient for counsel, witnesses, or the parties to travel to the Northern District of Illinois for any hearings or other proceedings related to the litigation. The federal courthouse for the Eastern Division – where the majority of related actions are currently pending – is located in Chicago, Illinois, in close proximity to the O'Hare and Midway International Airports, which is serviced by major airlines making direct flights across the United States convenient for the parties and witnesses. Additionally, Chicago is a major metropolitan city located in the center of the country, which is neutral for all parties and witnesses coast to coast.

      B.    <u>The Northern District of Illinois is Experienced with MDL Proceedings.</u>

The Northern District of Illinois is also adept at handling Multidistrict Litigations and has historically handled product liability actions involving a significant number of cases. *See, e.g.*, *In Re Testosterone Replacement Therapy Products Liability Litigation*, MDL No. 2545; and *In Re Zimmer NexGen Knee Implant Products Lability Litigation*, MDL No. 2272. The Northern District of Illinois has judges experienced in overseeing a complex MDL who are well-qualified jurist who is presiding over the first filed case and others.

**IV.    CONCLUSION**

WHEREFORE, Plaintiff respectfully requests, pursuant to 28 U.S.C. § 1407, that the Panel enter an Order transferring the pending actions, as well as any Hair Relaxer Marketing, Sales

Practices, and Products Liability related actions that might later be filed, to the United States District Court for the Northern District of Illinois for coordinated and consolidated pretrial proceedings. The Northern District of Illinois the nexus of the litigation as it is the location of the Defendants and contains the largest number of filed cases. It is convenient to the parties and witnesses, and is well-suited to handle the MDL with experienced MDL jurists.

Dated:   December 6, 2022                           Respectfully Submitted,


                                                    /s/Timothy J. Becker
                                                    Timothy J. Becker (MN #256663)
                                                    Stacy K. Hauer (MN#317093)
                                                    Johnson Becker, PLLC
                                                    444 Cedar Street, Suite 1800
                                                    Saint Paul, MN 55101
                                                    Phone: (612) 436-1800
                                                    Fax: (612) 436-1801
                                                    Email: tbecker@johnsonbecker.com

                                                    Counsel for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I, Timothy J. Becker, hereby certify that on March 2, 2022 the INTERESTED PARTY RESPONSE AND MEMORANDUM IN SUPPORT OF TRANSFER AND COORDINATION was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all parties of record.

/s/ Timothy J. Becker
Timothy J. Becker, Esq.
