BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | MDL No. 3060 |

**RESPONSE OF DEFENDANTS STRENGTH OF NATURE, LLC,
STRENGTH OF NATURE GLOBAL, LLC AND GODREJ SON HOLDINGS, INC.
<u>TO PLAINTIFFS' MOTION FOR TRANSFER</u>**

Defendants Strength of Nature, LLC; Strength of Nature Global, LLC; and Godrej SON Holdings, Inc. (the "SON Entities") respectfully submit this response to Plaintiffs' Motion for Transfer.

The SON Entities join with codefendants in opposing the coordination of the pending actions for the reasons set forth in the submissions of those Defendants.

However, should the Panel determine that coordination is warranted, the SON Entities request transfer to the Southern District of New York as the most appropriate venue for this litigation. First, L'Oréal and other Defendants are located or have offices in or near the Southern District of New York. Defendant L'Oréal is named as a defendant in most of the actions currently filed alleging injury from the use of hair relaxer products. Their headquarters are located in the Southern District of New York. Similarly, codefendant Dabur has an office in Princeton, New Jersey, closely located to courts in the Southern District. Accordingly, that District is a natural, centralized location for an MDL. The Panel has repeatedly recognized the added convenience of locating an MDL "reasonably nearby" defendants' headquarters. *See, e.g.*, *In re Deere & Co. Repair Servs. Antitrust Litig.*, MDL No. 3030 (June 1, 2022) (assigning MDL to Northern District of Illinois, "reasonably nearby" to defendant's headquarters); *In re Google*

*Antitrust Litig.*, MDL 2981 (Feb. 5, 2021) (assigning MDL to Northern District of California, where defendant's headquarters, and therefore "the primary witnesses and documentary evidence," were located); *In re Valsartan N-Nitrosodimethlylamine (NDMA) Contamination Prod. Liab. Litig.* MDL 2875) (Feb. 14, 2019) (assigning MDL to District of New Jersey, where "[m]any of the defendants have their U.S. headquarters," including party named "in nearly all actions").

Second, there is already a state court action filed in the New York courts (*Prudhomme v. L'Oréal USA, Inc. et al.*, Index No. 159714/2022 (Sup. Ct. New York Co.)), and location of the MDL in New York would ease the coordination of federal and state court proceedings. *In re Social Media Adolescent Addiction/Personal Injury Prod. Liab. Litig.*, MDL 3047 (Oct. 6, 2022) (recognizing centralization in Northern District of California would "facilitate coordination with the state court cases pending in California"). Particularly in this matter, where the questionable science supporting plaintiffs' claims will be center stage, allowing the coordination of any evidentiary hearings will be important. *See* Rothstein & Borden*, Managing Multidistrict Litigation in Products Liability Cases: A Pocket Guide for Transferee Judges*, Fed. J. Ctr. (2011) at 26-27 (recognizing "positive effect" of coordinating *Daubert*/expert hearings with state court judges).

Finally, New York City is served by multiple airports and airlines, making access to court proceedings easy. And at least one action is already pending in the district, assigned to Judge Valerie E. Caproni.

On the other hand, Plaintiffs' identification of the Northern District of Illinois as a focus of the litigation is simply a product of their own making. As Plaintiffs acknowledge, this is a nationwide litigation, and there is not any factual nexus to Illinois. Indeed, the first filed case,

*Mitchell*, is brought by Missouri-based plaintiff. *See* Exhibit 4 to Plaintiffs' Motion to Transfer, MDL No. 3060, Dkt. No. 1-4. It is questionable whether the Illinois court in which it has been filed can even assert personal jurisdiction over many of the named defendants. Nor can Mitchell argue that the Northern District of Illinois is the most convenient forum even for her.

However, should the Panel ultimately decide—despite Defendants' universal selection of the Southern District of New York—to create an MDL in the Northern District of Illinois, the SON Entities believe Judge John J. Tharp, Jr. is an appropriate selection to lead the MDL.

Judge Kennelly, Plaintiffs' apparent first choice, was recently assigned an MDL in August of this year. *In re Recalled Abbott Infant Formula Prod. Liab. Litig.*, MDL 3037 (August 5, 2022). Moreover, Plaintiffs' argument that Judge Kennelly presides over the first-filed *Mitchell* case should carry no weight. Plaintiffs have not yet served any defendant in that (or nearly any other) pending case. Thus, the case has not proceeded any further than any other one in this litigation. In addition, as discussed above, the case is brought by a Missouri plaintiff, against defendants not located in Illinois, and it is likely that the case would be dismissed on personal jurisdiction grounds at least as to certain defendants, including the SON Entities.

Unlike Judge Rowland, Plaintiffs' alternate choice to lead the litigation, Judge Tharp has been on the bench for over ten years, and has extensive experience presiding over complex litigation.

\* \* \* \* \*

Accordingly, the SON Entities respectfully request, should the Panel determine centralization is warranted, that the MDL be assigned to a judge within the Southern District of New York.

Dated: December 7, 2022          **ARNOLD & PORTER KAYE SCHOLER LLP**

By:      */s/ Lori B. Leskin*
Lori B. Leskin
250 W. 55th Street
New York, New York 10019
Telephone: 212.836.8000
Facsimile: 212.836.8689
Email: lori.leskin@arnoldporter.com

*Attorneys for Defendants*
Strength of Nature, LLC, Strength of Nature Global, LLC, and Godrej SON Holdings, Inc.