BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This document relates to:<br><br>Cynthia L. Jones v.<br>L'Oreal USA, Inc., et al.,<br>3:24-cv-06845 | MDL NO. 3060 |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO VACATE CONDITIONAL TRANSFER ORDER NO. 16

Pursuant to Rule 7.1(f) of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation, Plaintiff Cynthia Jones by and through her attorneys, ("Plaintiff") moves to vacate Conditional Transfer Order No. 16 ("CTO 16") issued on October 4, 2024, conditionally transferring the above-referenced action to MDL No. 3060, In Re: Hair Relaxer Marketing, Sales Practices, and Products Liability Litigation ("Hair Relaxer Products Liability MDL").

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff initially filed this action in California Superior Court, in the County of Alameda, on July 18, 2024. The case was properly filed in state court because Plaintiff is a citizen of California and multiple defendants are also citizens of California and/or have their headquarters and/or principal place of business in California, including Defendants The Vons Companies, Inc. ("Vons"), Safeway, Inc. ("Safeway"); and L'Oreal USA, Inc. ("L'Oreal"). California law provides for personal jurisdiction over corporations maintaining a principal place of business within California when that company carries on a continuous and systematic part of its general business within California. *See* Cal. Code Civ. Proc § 410.10.

Notwithstanding proper jurisdiction resting with the Superior Court of California in the County of Alameda, Defendants improvidently filed a Notice of Removal to the United States District Court for the Northern District of California. This improper removal was filed by Defendants on September 30, 2024. The **sole** basis for Defendants' claim of federal subject matter jurisdiction is that two of the named Defendants, Vons and Safeway, were fraudulently joined.

As a result of Defendants' improper removal, Plaintiff is scheduled to file a Motion to Remand the action to state court on October 30, 2024. The Remand Motion is scheduled to be heard by the Hon. Susan Illston of the Northern District of California on December 8, 2024.[1] The efficient adjudication of this action would be better served by allowing Judge Illston to rule on Plaintiff's Motion to Remand and inevitably send this case back to the state court of origin.

## ARGUMENT

### A. Transfer Will Not Promote the Just and Efficient Conduct of This Litigation Because the Case is Likely to be Remanded to State Court in California.

A conditional transfer order is an administrative act of the Panel Clerk "which can and will be vacated upon the showing of good cause by any party." *In re: Grain Shipment Litig.,* 319 F. Supp. 533, 534 (J.P.M.L. 1970) (citing *In re : IBM Antitrust Litig.*, 316 F. Supp. 976 (J.P.M.L. 1970). Good cause exists where consolidation fails to promote the "just and efficient" conduct of the action. *See* 28 U.S.C. § 1407(a).

While Plaintiffs are aware that the Panel has discretion regarding whether to consider jurisdictional issues such as those presented by Plaintiff's remand motion when considering whether to transfer a matter, in this instance the factors disfavoring transfer warrant vacating the CTO. "The statute authorizing transfer (and consolidation) of multidistrict actions, 28 U.S.C. §

---

[1] Some of the Defendants have also filed Motions to Dismiss, which are also set to be heard by Judge Illston. By stipulation of the Parties, in order to permit the issues presented by the Remand Motion and this Panel's Conditional Transfer Order to be adjudicated first, the Motions to Dismiss are not scheduled for hearing until March 2025.

1407, is a venue statute that allows the JPML to override a plaintiff's choice of forum [only when] when three factors are present: (1) 'one or more common questions of fact are pending in different districts," (2) a transfer would serve "the convenience of parties and witnesses," and (3) a transfer would "promote the just and efficient conduct of [the] actions.' 28 U.S.C. § 1407(a)[.]" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 451 (4th Cir. 2005). All three factors have to be satisfied before transfer is warranted under § 1407. Thus, common questions of fact, alone, should not warrant transfer. A transfer should not be ordered unless the convenience of parties and witnesses is served and the just and efficient conduct of the action is promoted by such a transfer. *In re Photocopy Paper*, 305 F. Supp. 60, 61 (J.P.M.L. 1969); *In re Air Crash Disaster at Falls City, Nebraska*, 298 F. Supp. 1323 (Jud.Pan.Mult.Lit.1969).

Moreover, precedent exists for the Panel to abstain from transfer while important motions are pending in the originating court, especially, as in the instant case, when the motion involves issues unique to a particular case. *See* Manual for Complex Litigation, § 20.131 ("…matters such as motions to dismiss or to remand, raising issues unique to the particular case, may be particularly appropriate for resolution before the Panel acts on the motion to transfer." *See also, e.g.*, *In re L.E. Lay & Co. Antitrust Litig.*, 391 F. Supp. 1054, 1056 (J.P.M.L. 1975) (finding that "on principles of comity, we are reluctant to transfer any action that has an important motion under submission by the court"); *In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. 1405, 1407 (J.P.M.L. 1973) (declining, without prejudice to reconsideration by the panel, to transfer action where motion for preliminary injunction was sub judice because the Panel has "consistently adhered to well – founded principles of comity in deciding motions for transfer under Section 1407"). In particular, the Panel has stayed prior transfer decisions pending a decision by the originating court on significant matters such as motions to remand, motions to stay, and motions to dismiss. S*ee In re Prof'l Hockey Antitrust Litig.*, 352 F. Supp. at 1406 (transfer order stayed pending decision of transferor court on motion to dismiss); *In re Kaehni Patent*, 311 F. Supp. 1342, 1344 (J.P.M.L 1970) (transfer order stayed); *In re Deering Milliken Patent*, 328 F. Supp. 504, 505-06 (J.P.M.L.

1970) (transfer under §1407 denied to allow decision by transferor judge on motions for transfer that might render question of transfer under §1407 moot if decided favorably).

Here, transfer would thwart the just and efficient conduct of the action, especially before the Northern District of California has had a chance to rule on a remand motion. MDL 3060 is one of the largest presently occupying the federal court system. Judge Rowland is tasked with managing thousands of cases, discovery, a bellwether process, and the myriad motions associated with this complex litigation. Requiring Plaintiff here to re-file her remand motion, which presents unique issues not currently before Judge Rowland, in the MDL venue would be neither just nor efficient.

Moreover, remand to state court is a virtual certainty. As this Panel is undoubtedly aware, removal statutes are to be construed restrictively, in order to limit removal jurisdiction. Any doubt as to removability must be resolved in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets* (1941) 313 U.S. 100, 108-109; *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). One key reason for strict construction of the removal statutes is to prevent waste of judicial resources inherent in a situation where a federal court renders judgment on a case in which it has no jurisdiction. *See Contino v. United States*, 535 F.3d 124, 126 (2nd Cir. 2008). The Defendant seeking removal of the action to federal court has the burden of establishing the grounds for federal jurisdiction sufficient to support removal. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Here, for a variety of reasons, the removing Defendants have failed to satisfy their burden of establishing the existence of federal jurisdiction.

Given the above legal framework, there is no question that Defendants' Notice of Removal fails to establish fraudulent joinder, and thus federal subject matter jurisdiction. First, the sole basis for Defendants' removal is that Vons and Safeway were fraudulently joined in order to defeat diversity. While this is not true, as demonstrated below, Defendants entirely ignore that L'Oreal— one of the primary defendants and a party nobody has suggested is fraudulently joined—itself holds out Los Angeles, California as the location of one of its headquarters. Moreover, Plaintiff's

complaint, accepted as true, alleges Plaintiff actually purchased hair relaxer products from Vons and Safeway, despite conclusory claims in the Notice of Removal that the manufacturers don't have records of any such sales. Plaintiff's allegations are sufficient to defeat any claim of fraudulent joinder. *See Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001)(factual disputes must be resolved in favor of Plaintiff).

### B. The Action Does Not Share Sufficient Common Questions of Fact

Finally, in addition to the above analysis regarding the "just and efficient" factor, the retail defendants named in the instant case, who are absent from the MDL, provide an additional basis to deny transfer as it makes the "common questions" prong less compelling. Plaintiff seeks to hold multiple retail defendants liable for their role in selling the dangerous hair relaxer products that injured her. These unique legal issues, against unique parties, militate strongly against transfer for this independent reason.

### CONCLUSION

For the reasons set forth above, Plaintiff respectfully request that the Panel vacate CTO 16 with respect to his particular action.

DATED:  October 29, 2024                **SINGLETON SCHREIBER, LLP**

By:       /s/  Christopher R. Rodriguez
CHRISTOPHER R. RODRIGUEZ
Attorneys for Plaintiff, CYNTHIA L. JONES
**SINGLETON SCHREIBER, LLP**
CHRISTOPHER R. RODRIGUEZ
   E-Mail: crodriguez@singletonschreiber.com
ANDREW D. BLUTH
   E-Mail: abluth@singletonschreiber.com
1414 K Street, Suite 470
Sacramento, California 95814
Telephone: (916) 248-8478